UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL COPELAND                              CIVIL ACTION NO. 13-3019

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

KANSAS CITY SOUTHERN                          MAGISTRATE JUDGE HORNSBY
RAILWAY COMPANY

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment (Record Document 12) filed on behalf of Defendant The Kansas City Southern Railway Company ("KCSR"). KCSR moves for summary judgment, arguing there is no genuine dispute of any material facts regarding KCSR's lack of liability. See id. According to KCSR, "this case involves a trespasser unlawfully entering the vicinity of trackage, at night, in a highly impaired state, and somehow falling and placing his left arm under moving railcars." Record Document 12-1 at 1. KCSR contends that Plaintiff Michael Copeland ("Copeland") "violated Louisiana law in trespassing on the mainline trackage and placing himself in a position of great peril by entering upon the trackage and somehow placing his left arm under the moving train." Id.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1]  "Rule 56[(a)] mandates the entry of summary

---

[1] The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue." This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard. See F.R.C.P. 56(a) and advisory committee's note.

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

In the present matter, Copeland has not filed an opposition to KCSR's Motion for Summary Judgment. On October 31, 2014, this Court issued a "Notice of Motion Setting" (Record Document 13) giving Copeland 21 calendar days to file an opposition. To date, no opposition has been filed. Thus, all the material facts set forth by KCSR have not been

controverted and are hereby deemed admitted. See Record Document 12-2. Such facts include:

- Plaintiff admitted that he was significantly impaired at the time of the subject incident [May 31, 2013 and June 1, 2013] due to excessive alcohol consumption.

- Plaintiff testified that on the night of the subject incident, he had been drinking heavily for a period of several hours preceding the incident.

- Plaintiff admitted that he knew that walking around trains can be hazardous and that a pedestrian walking in and around a train can be a dangerous situation.

- Plaintiff was unable to recall how he arrived at the location where the subject incident occurred from Commerce Street.

- There are numerous "No Trespassing" signs located in the area where Commerce Street meets the mainline tracks near the Red River Rail Bridge.

- There are also "No Trespassing" signs to the west of this location.

Record Document 12-2 at ¶¶ 3-5, 17, 19-20.

Other facts deemed admitted establish that the train involved in the subject incident had its locomotive headlights and ditch lights brightly shining at the time of the incident and that the train was traveling westbound at approximately 10 miles per hour, well below the KCSR authorized track speed of 20 miles per hour and the federal authorized track speed of 40 miles per hour. See id. at ¶¶ 27-28. The Engineer observed Copeland leaning motionless against a fence located approximately 30 feet from the mainline trackage, with a ditch running between the fence where Copeland was standing and the trackage. See id. at ¶ 29. (Ex. 4, Declaration of Murray). The Engineer continued to watch Copeland in the rearview mirror of the locomotive until he could no longer see him. See id. at ¶ 30. Copeland never made any movement throughout the entire time that the Engineer was

observing him. See id. at ¶ 31. The Engineer, with 74 cars trailing the three locomotives, had no knowledge of any incident and continued his route to the KCSR Shreveport Yard. See id. at ¶ 32. The crew first learned of the incident with Copeland when they were called to the tower in the Shreveport Yard upon arrival. See id. at ¶ 33.

Copeland admitted in his deposition, and such testimony has gone uncontroverted, that he has no specific memory of the events leading up to the subject incident, and he only recalls seeing his arm on the tracks and it being run over by the wheel of a railcar. See id. at ¶ 34. An eye witness, who was waiting to pick up newspapers to deliver, observed Copeland on the night of the incident. See id. at ¶ 35. According to the witness, Copeland appeared to be intoxicated, walking westbound behind the Shreveport Times Building and in the vicinity of the tracks. See id. The witness confirmed that Copeland was leaning against the fence when a clearly visible train approached with its headlights and ditch lights shining. See id. at ¶ 37. The witness also confirmed that, well after the locomotives had passed, Copeland appeared to walk from the fence and towards the tracks and passing rail cars, and that Copeland then appeared to reach for the train as if he was attempting to mount a moving rail car. See id. at ¶ 38.

Copeland was transported the LSU Health Sciences Center in Shreveport, Louisiana after the incident. See id. at ¶ 41. A blood alcohol test was performed on him shortly after his admittance at 4:03 a.m., which confirmed a blood alcohol level of 0.321 gm%, over four times the legal intoxication limit in Louisiana. See id. at ¶ 42. The medical records repeatedly confirm that Copeland was "obviously intoxicated" and that he was subsequently treated for alcohol withdrawal symptoms. See id. at ¶ 43.

Based on the foregoing undisputed material facts, which have now been deemed

admitted, this Court finds that summary judgment in favor of KCSR is appropriate as a matter of law. The summary judgment record establishes that Copeland was grossly negligent and violated Louisiana law by trespassing and attempting to get on a moving railcar on KCSR's mainline trackage while highly intoxicated in the dark of night. Under Louisiana law,[2] and the facts and circumstances of this case, KCSR owed Copeland, as an intoxicated trespasser, no duty to protect him from the harm he encountered. The record is devoid of any evidence that KCSR acted intentionally to harm Copeland or that any acts on the part of KCSR were grossly negligent.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 12) filed on behalf of KCSR is **GRANTED**. All of Copeland's claims are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of December, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] "Longstanding jurisprudence provides that a railroad company owes no duty to one who enters premises of railroad without license, invitation, or other right, except after discovering his peril the railroad must refrain from willfully or wantonly injuring a trespasser." Anderson v. Illinois Cent. R.R. Co., 2011 WL 1303865, at * 3 (E.D. La. 2011), aff'd, 475 Fed.Appx. 30 (5th Cir. 2012).